Affirmed and Memorandum Opinion filed July 12, 2005









Affirmed and Memorandum Opinion filed July 12, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01389-CR

_______________

 

LADON ARELEANDO WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On
Appeal from the 185th District Court

Harris
County, Texas

Trial
Court Cause No. 965,214

______________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Ladon
Williams appeals a conviction for murder[1]
on the grounds that: (1) the trial court erred by admitting into evidence
hearsay testimony and videotapes, and allowing appellant to be questioned about
his post-arrest silence; and (2) the evidence was factually and legally
insufficient.  We affirm.








Statement
Against Interest

Appellant=s first issue challenges the trial
court=s admission of hearsay testimony from
Therail Williams (ATherail@), relating statements made by Elijah Joubert that he and
appellant had shot the complainant. 
Appellant argues that this testimony did not satisfy the Astatement against interest@ exception to the hearsay rule
because it was not corroborated by evidence indicating that it was clearly
trustworthy.

A
trial court=s ruling on the admissibility of
evidence is reviewed for abuse of discretion and will be upheld if it is
reasonably supported by the record and correct under any theory of law
applicable to the case, based on what was before the trial court at the time
the ruling was made.  Brito Carrasco
v. State, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).  Among the types of evidence that are not
excluded by the hearsay prohibition is a statement against a declarant=s interest; but in criminal cases, a
statement tending to expose the declarant to criminal liability is not
admissible unless corroborating circumstances clearly indicate the
trustworthiness of the statement.  Tex. R. Evid. 803(24).  When such a statement is offered by the State
to inculpate a defendant, the factors that are relevant to determine whether corroborating
circumstances exist include: (1) the timing of the declaration; (2) the
spontaneity of the declaration; (3) the relationship between the declarant and
the party to whom the statement was made; and (4) the existence of independent
corroborative facts.  Woods v. State,
152 S.W.3d 105, 113 (Tex. Crim. App. 2004), cert. denied, __ U.S. __,
125 S. Ct. 2295 (2005).








In
this case, the statements were made by Joubert within two weeks after the
shooting and were either volunteered or made in response to questions by
Therail, who was a good friend of Joubert. 
Independent corroborative evidence included: (1) the autopsy evidence
supporting Joubert=s testimony that he shot the complainant while standing
directly over him, whereas appellant had shot from much farther away; (2) other
testimony corroborating Joubert=s description of the vehicle in which he and appellant left
the scene; (3) a witness identification of Joubert as one of the shooters; and
(4) appellant=s own statements to Therail that he
had killed the complainant.  In light of
this evidence, it was within the trial court=s discretion to conclude that the
corroborating circumstances requirement of rule 803(24) was satisfied.  Accordingly, appellant=s first point of error is overruled. 

Videotapes

Appellant=s second point of error challenges
the admission of two videotapes (the Atapes@) of a conversation between Therail,
appellant, and Joubert on the grounds that the tapes: (1) were not properly
authenticated; (2) contained inadmissible hearsay; and (3) violated appellant=s constitutional right of
confrontation.  Because we have found no
portion of the record at which appellant objected to the tapes based on a lack
of authentication, that complaint presents nothing for our review,[2]
and we will address only the second and third grounds.








The
trial court initially refused to admit the tapes, allowing only Therail=s trial testimony concerning their
subject matter.  However, after defense
counsel=s cross-examination of Therail implied
that the conversations had never taken place, the trial court admitted the
tapes to show that the conversations had occurred.  Because the tapes were thus not offered to
prove the truth of any matters asserted on them, they were not hearsay.[3]  In addition, where a party has Aopened the door@ to evidence that would otherwise be
inadmissible, such as under the hearsay or confrontation rules, those grounds
of objection are effectively waived.[4]  Moreover, appellant provides no legal
standard, apart from the ordinary hearsay rules, for assessing the
admissibility of the tapes under the Confrontation Clause, and the United
States Supreme Court and Texas Court of Criminal Appeals have suggested that
specific confrontation clause requirements apply only with regard to
testimonial hearsay,[5]
none of which is contained on the tapes. 
Because appellant=s second point of error thus fails to demonstrate error in
the admission of the tapes, it is overruled.

Post-Arrest
Silence

Appellant=s third point of error contends that
the following exchange during his cross-examination by the State was a use of
his post-arrest silence that violated his rights under the 5th Amendment of the
United States Constitution and Article I, Section 10 of the Texas Constitution:[6]

Q.        Did you ever give a statement in this
case to Sergeant Douglas about . . .
anything or your whereabouts on November 1st, 2002?

A.        He
never asked for one.

Q.        [A]re you telling us that Sergeant
Douglas, who was investigating this murder, came and talked to you . . . about
the murder and he never asked you about this murder?

[Defense
counsel]     Your Honor, I object.  This is a violation of the defendant=s right to remain silent, Your Honor.

*          *          *          *

THE
COURT:            I=m going to overrule that objection based on your
client=s answer.

A.        Yes.  He asked me about a murder.  He never asked me for a statement. . . .  And I answered his questions.








After
a suspect has been given Miranda[7]
warnings, assuring him that his silence will not be used against him, it is
fundamentally unfair and a violation of due process to then use that silence
against him, such as by impeaching an exculpatory explanation he gives at trial
with the fact that he failed to give it to police after his arrest.  Brecht v. Abrahamson, 507 U.S. 619,
628 (1993).  Conversely, impeachment
using post-arrest inconsistent statements is not prohibited because it makes
use of a defendant=s statements (for which he has received no such assurances),
not his silence.  Anderson v. Charles,
447 U.S. 404, 408 (1980).

In
this case, the question to which appellant objected[8]
simply asked whether he had been asked about the murder, and did not refer in
any way to any silence.  Moreover, his
eventual answer demonstrated that he had not, in fact, been silent, but had
instead answered the questions posed. 
Because appellant=s third point of error fails to demonstrate that any
post-arrest silence was ever used against him, it is overruled.

Sufficiency
of the Evidence

Appellant=s fourth point of error challenges
the legal and factual sufficiency of the evidence, contending that the
testimony of the two key State witnesses, Therail Williams and Johnny Faniel,
is contradictory and lacks credibility.

In
reviewing the legal sufficiency of the evidence, we look at all the evidence in
the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Vodochodsky v.
State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005).  In a factual sufficiency review, we view all
the evidence in a neutral light, both for and against the finding, and set
aside the verdict if the proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.  Id. at 510.








In
this case, although there are discrepancies in the particulars of the testimony
of the State=s witnesses, that evidence is not
inconsistent as to appellant=s active participation in the offense.  Moreover, although there is defense evidence
rebutting the evidence of guilt, such as testimony of an alibi, it is only such
as to have raised an issue of credibility for the jury, not to greatly outweigh
the evidence of guilt.  Because appellant=s fourth point of error thus fails to
demonstrate that the evidence is legally or factually insufficient, it is
overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed July 12, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           The
jury found appellant guilty of murder and assessed punishment of life
imprisonment.





[2]           See
Tex. R. App. P. 33.1(a).





[3]           See
Tex. R. Evid. 801(d).





[4]           See
Tex. R. Evid. 107; Lucas v.
State, 791 S.W.2d 35, 53-54 (Tex. Crim. App. 1989) (applying predecessor
statute to rule 107); Credille v. State, 925 S.W.2d 112, 117 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d).





[5]           See
Crawford v. Washington, 541 U.S. 36, 38 (2004); Woods, 152 S.W.3d at
113-14.





[6]           See
U.S. Const. Amend. V; Tex. Const. art. I, ' 10.  Because
appellant does not contend that the Texas Constitution affords any greater
protection to post-arrest silence than the United States Constitution, we do
not address his state and federal claims separately.  See Mitschke v. State, 129 S.W.3d 130,
132 (2004).





[7]           See
Miranda v. Arizona, 384 U.S. 436, 473 (1966).





[8]           We do
not address the preceding question because appellant made no objection to it.